IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PAUL S. CERVENAN,

    Plaintiff,

v.

THERMAL SUPPLY, INC.,

    Defendant.

Case No. 1:13-cv-00498-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge

    Plaintiff Paul Cervenan brings claims against the defendant Thermal Supply, Inc., for age and disability discrimination under 29 U.S.C. § 621 and O.R.S. §§ 659A.030 and 659A.112. The case comes before the Court on defendant's motion for summary judgment (#13). For the reasons below, the defendant's motion should be DENIED.

## BACKGROUND

Plaintiff filed for Chapter 13 bankruptcy in July, 2009. He claims he made his payments, and he believed the bankruptcy case to be fully resolved after three years. However, a payment was lost or unaccounted for, and in June, 2012, the bankruptcy trustee filed a motion to dismiss the action on the basis that Plaintiff had missed a payment. Plaintiff claims he was unaware that the case was dismissed until his bankruptcy attorney informed him that the case would have to be reopened in order to rectify the account. According to Plaintiff, the only reason for reopening the case was so that the final payment would show as accepted. He filed the motion and fee to reopen the bankruptcy case in October, 2012, and the case was finally closed in February, 2013.

Meanwhile, Plaintiff was terminated from his position with the defendant in May, 2012, and he filed an action with Bureau of Industries and Labor (BOLI) based on that termination in July, 2012. He filed his complaint for this action in federal court in March, 2013.

It is undisputed that Plaintiff did not list this claim on his schedule of assets with the bankruptcy court; nor did he amend his schedule of assets to include this claim when he reopened the bankruptcy action in October, 2012.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279

F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (internal quotation marks omitted). "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749–50 (citation and internal quotation marks omitted). Although judicial estoppel is "probably not reducible to any general formulation of principle, . . . several factors typically inform the decision whether to apply the doctrine in a particular case." Id. at 750 (citations and internal quotation marks omitted). "First, a party's later position must be 'clearly inconsistent' with its earlier position." Id. "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. (internal quotation marks omitted). "A third consideration is whether the party seeking to assert

an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 75. These factors, however, "do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," and additional considerations may be necessary depending on the factual context. Id.

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013) (discussing the existing case law). The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist. Id. However, the Supreme Court also held in New Hampshire, that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." 532 U.S. at 753 (internal quotation marks omitted). Judicial estoppel is a discretionary doctrine, applied on a case-by-case basis. Ah Quin, 733 F.3d at 272 citing New Hampshire, 532 U.S. at 751.

In this case, Plaintiff's claim had not accrued when he filed his bankruptcy schedules; thus the original bankruptcy plan was not informationally deficient. Indeed, by the time Plaintiff was terminated in May, 2012, his three year bankruptcy plan was drawing to a close. Plaintiff has submitted a declaration stating that he believed it was in fact closed. He also believed that the re-opening of his bankruptcy case was merely to correct the record and finalize a payment that he had already made. He did not believe he was required to amend his bankruptcy schedules or his plan, which should have been closed months before. Defendant has produced no evidence to dispute this declaration.

While full disclosure in bankruptcy is essential to the functioning of the bankruptcy system, the Court does not find that the plaintiff-debtor obtained an unfair advantage by failing to amend his bankruptcy schedules when he reopened his case merely to correct an error. Even if Plaintiff had disclosed his potential claim to the trustee, it is unclear whether or not his obligations to the bankruptcy court would have changed, as his bankruptcy plan was essentially completed at that time.

Further, if evidence comes to light that Plaintiff intentionally deceived the bankruptcy court by failing to amend the schedules, the bankruptcy system has other protections that make judicial estoppel unnecessary in this case. A bankruptcy court or trustee may reopen a case, even if it has been long closed. 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010. Should the bankruptcy court or trustee reopen this case, judicial estoppel would operate only to the detriment of innocent creditors, as those creditors would lose out on a potential recovery if this civil action were not allowed to go forward.

## RECOMMENDATION

Defendant's motion (#13) should be DENIED. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of May, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge